ORIGINAL

NATHAN PACO, Pro Se
94-1378 Henokea St.
Waipahu, HI 96797

Telephone: (808)780-1384

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
DEC 18 2013
at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATHAN PACO,<br>　　　Plaintiff,<br>　　　vs.<br>MARY K. MYERS, dba MARY K.<br>MYERS, Ph.D., dba Mary Myers, Ph.D.,<br>INC., aka MARY K. MYERS,TRUST;<br>ROMAN CATHOLIC CHURCH IN THE<br>STATE OF HAWAII, a domestic non-profit<br>corporation and DOES 1 to 10,　　,<br>　　　Defendants. | Case No.: CIVIL NO. CV13 00701 ACK RLP<br><br>COMPLAINT: Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 1201 et seq.<br><br>**JURY TRIAL REQUESTED** |

Plaintiff NATHAN PACO, pro se, avers and alleges as follows:

### JURISDICTION AND VENUE

1.　　This court has original jurisdiction pursuant to 28 U.S.C. Section 1331 through the federal question raised herein, namely the alleged violation of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. Section 12101 et seq., and has pendant jurisdiction over the parallel state claim.

2.　　All events material hereto occurred within the District of Hawaii.

3.　　The plaintiff is a person with a disability who is or about to be subjected to prohibited discrimination by the defendants, being a past and potential future patron of the defendants.

4.　　The defendant Mary K. Myers ("Myers") is the sublessee of the office suite located at 1188 Bishop St., Suite 3206, Honolulu, HI 96813("#3206") in the building named Bishop Square.

5.  Defendant ROMAN CATHOLIC CHURCH IN THE STATE OF HAWAII, the owner of #3206 and several other units in Bishop Square, is being sued in its capacity as a commercial entity, not in its capacity as a religious institution.

6.  The true names and capacities of the defendants named herein as Does 1 through 10 are unknown to Plaintiff, who therefore sues them under these fictitious names. The Plaintiff will amend this complaint to add their true names and capacities when they become known

## VIOLATION OF 42 U.S.C. 12101 ET. SEQ. AND HRS §347-13

7.  According to 28 CFR part 36, the defendants are a public accommodation, owning and on which is operated or operating one or more, places of public accommodation, including an office building and offices in the building including #3206, located at 1188 Bishop Street, Honolulu, Hawaii, and thereby fall under the ambit of the ADA, 42 U.S.C. Section 12101 et seq.

8.  The defendants are subject to a lawsuit by an aggrieved individual because of their violation of the ADA.

9.  The defendants have violated Hawaii Revised Statutes §347-13 by denying the plaintiff equal accommodations and have not complied with the 2010 ADA standards by failing to eliminate readily achievable architectural barriers to provide equal accessibility to the disabled, including but not limited to, in its parking facilities.

10. The defendants and their predecessors have also violated the 2010 ADA standards by having altered portions of office suite **#3206** without complying with the applicable standards, including but not limited to: the door knob of the front entry door is not ADA compliant; the pressure of the front entry door is too high; the width of the passage way from the front entrance through the reception area is too narrow; the doorway to the back office is too narrow; the height of the threshold to the back office is too high; the items that are stored in the bathroom make it inaccessible to a disabled person; the door to the bathroom is too narrow; the bathroom does not have any grab bars; the door knob of the bathroom and the handles of the water faucets are not ADA compliant.

THEREFORE, THE PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT enters judgment for the plaintiff and against the defendants and order the following relief:

1. An injunction ordering the defendants to fully comply with the ADA requirements within ninety (90) days;

2. Monetary damages as provided for in Hawaii Revised Statutes §347-13.5;

3. Payment of plaintiff's litigation costs, including reasonable expert's and attorney's fees; and

4. Such other relief as the court deems proper.

DATED: 12/12/13

NATHAN PACO, Pro Se