IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NATHAN PACO, | ) | CIVIL NO. 13-00701 ACK-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY PLAINTIFF'S APPLICATION TO |
| vs. | ) | PROCEED WITHOUT PREPAYMENT OF |
| | ) | FEES |
| | ) | |
| MARY K. MYERS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES[1]

On December 18, 2013, Plaintiff Nathan Paco ("Plaintiff"), commenced the instant action and filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). Plaintiff requests that the Court permit him to proceed *in forma pauperis* ("IFP"). The Court finds this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Based on the following, and after careful consideration of Plaintiff's

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Application, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application be DENIED.

## ANALYSIS

Federal courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1).  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

In determining IFP status, the Court is guided by whether the applicant's yearly income surpasses the poverty threshold.  The Department of Health and Human Services 2013 Poverty Guidelines indicate that the poverty threshold for a one-person family in Hawaii is $13,230.00.[2]  2013 HHS Poverty Guidelines, 76 Fed. Reg. 5182-01 (Jan. 24, 2013).  Plaintiff has submitted an affidavit stating that his monthly income from social security and other benefits totals $1,729.  Plaintiff's

---

[2] Plaintiff has indicated that he has no dependents relying upon him for support.

annual income thus exceeds the poverty threshold in Hawaii. Although Plaintiff has financial obligations and other expenses, his Application fails to show that he is a pauper and cannot afford to prepay the costs of initiating this action.  Therefore, the Court finds that Plaintiff does not qualify for IFP status under 28 U.S.C. § 1915(a)(1) and recommends that his Application be denied.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees, filed on December 18, 2013, be DENIED.  If Plaintiff wishes to proceed with this action, he must remit the appropriate filing fee within thirty (30) days from the date this Findings and Recommendation is acted upon.  Failure to do so will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED: HONOLULU, HAWAII, DECEMBER 19, 2013.

_____
Richard L. Puglisi
United States Magistrate Judge

PACO V. MYERS, ET AL.; CIVIL NO. 13-00701 ACK-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES