IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **NATHAN PACO,** | ) Civ. No. 13-00701 ACK-RLP |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **MARY K. MYERS, ET AL.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**ORDER AFFIRMING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

For the following reasons, the Court hereby affirms the magistrate judge's Findings and Recommendation to Deny Plaintiff's Application to Proceed Without Prepayment of Fees.

**BACKGROUND**

On December 18, 2013, Plaintiff Nathan Paco ("Plaintiff") commenced the instant action and filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), requesting that the Court permit him to proceed *in forma pauperis* ("IFP"). On December 19, 2013, the magistrate judge filed his Findings and Recommendation to Deny Plaintiff's Application to Proceed Without Prepayment of Fees ("F&R"). (Dkt. no. 6.) Plaintiff timely filed his objection to the F&R on December 23, 2013, along with a First Amended

Application to Proceed in District Court Without Prepaying Fees or Costs ("Amended Application"). (Dkt. no. 8.)[1/]

## STANDARD

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." (emphasis omitted)).

Under a de novo standard, a district court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006) (citation omitted); see also United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate

---

[1/] The Court finds this matter suitable for disposition without a hearing pursuant to Rules LR7.2(d) and LR74.2 of the Local Rules of Practice of the United States District Court for the District of Hawaii.

judge's findings or recommendation to which a party objects. <u>United States v. Remsing</u>, 874 F.2d 614, 616 (9th Cir. 1989).

"[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." <u>Raddatz</u>, 447 U.S. at 676 (citation omitted). Pursuant to Local Rule 74.2, this Court "may consider the record developed before the magistrate judge," but the Court must make its "own determination on the basis of that record."

## **DISCUSSION**

Plaintiff objects to the magistrate judge's F&R on the grounds the magistrate judge recommended denying his Application because Plaintiff's monthly income exceeds the Department of Health and Human Services 2013 Poverty Guidelines poverty threshold of $13,230 for a one-person family in Hawaii. (<u>See</u> F&R at 2.) Specifically, Plaintiff argues in his objection that, although he failed to so note in his initial Application, his wife is his dependent.

Relying on Plaintiff's original Application, in which Plaintiff stated that he had no dependents, the magistrate judge correctly found that, based on Plaintiff's monthly income of $1,729, Plaintiff's annual income exceeds the poverty threshold for a one-person family in Hawaii. (F&R at 2-3.) Plaintiff

attached to his opposition to the F&R an Amended Application in which he states that his wife is also dependent upon his income. (See Opposition, Ex. A.) He thus appears to argue that the magistrate judge should have used the poverty threshold for a two-person family, rather than a single-person household, in assessing his Application.

Even taking into account Plaintiff's wife as his dependent, however, Plaintiff fails to meet the poverty threshold. The 2013 HHS Poverty Guidelines indicate that the poverty threshold for a two-person family in Hawaii is $17,850. 2013 HHS Poverty Guidelines, 76 Fed. Reg. 5182-01 (Jan 24, 2013). Plaintiff states that his monthly income from social security and other benefits totals $1,729. Thus, even taking into account Plaintiff's wife's financial dependence upon him, Plaintiff's annual income is $20,784, and therefore exceeds the poverty threshold for a two-person household in Hawaii. As such, Plaintiff's Amended Application fails to show that he is a pauper and cannot afford to prepay the costs of initiating the instant action. See Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948); United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981). The Court therefore finds that Plaintiff does not qualify for IFP status under 28 U.S.C. § 1915(a)(1).

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS the

magistrate judge's Findings and Recommendation that Plaintiff's Application to Proceed Without Prepayment of Fees be DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 26, 2013



                                                _____
                                                Alan C. Kay
                                                Sr. United States District Judge

Paco v. Myers, et al., Civ. No. 13-00701 ACK-RLP, Order Affirming Magistrate Judge's Finding and Recommendation to Deny Plaintiff's Application to Proceed Without Prepayment of Fees.